# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JOYCE ANN SMITH § | |
| § | Civil Action No. 4:17-CV-85 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| CITY OF PRINCETON TEXAS, ANNE § | |
| ANGELL § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 8, 2017, the report of the Magistrate Judge (Dkt. #33) was entered containing proposed findings of fact and recommendations that Defendants City of Princeton, Texas's Motion to Dismiss (Dkt. #28) and Defendant Anne Angell's Motion to Dismiss (Dkt. #29) be denied. The Magistrate Judge further recommended Plaintiff Joyce Ann Smith be granted leave to file a second amended complaint. Having received the report of the Magistrate Judge (Dkt. #33), having considered each of Plaintiff's timely filed objections (Dkt. #38), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #33) as the findings and conclusions of the Court.

### BACKGROUND

The underlying facts and legal claims are set out in further detail by the Magistrate Judge and need not be repeated here in their entirety (*see* Dkt. #33). Accordingly, the Court sets forth herein only those facts pertinent to Plaintiff's objection.

Plaintiff asserts that on August 24, 2016, the City of Princeton ordered 1st Choice Towing to tow Plaintiff's vehicle. At the time the vehicle was towed, it was parked on the street in front of Plaintiff's home. The vehicle, a 1989 Chevrolet Cavalier, was used as a trade-in to purchase a newer vehicle from a car dealership, and under the terms of the sales agreement, the dealership was to pick up the vehicle from the front of Plaintiff's home. Because the vehicle was towed, the dealership did not receive the trade-in. Liberally construed, Plaintiff's Amended Complaint alleges that on October 6, 2016, Plaintiff was arrested for driving an unauthorized vehicle, the dealership having advised the City of Princeton that absent the trade-in, Plaintiff had not lawfully purchased the newer vehicle. Plaintiff alleges that she suffered emotional distress and reputational harm as a result of her arrest, and the alleged criminal charge for driving an unauthorized vehicle remains on her record.

This suit commenced on February 3, 2017, when Plaintiff filed her General Complaint (Dkt. #1). Defendant City of Princeton Code Enforcement filed Motions to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 14, 2017 (Dkts. #10-11). On March 23, 2017, the Court ordered Plaintiff to file an Amended Complaint no later than April 28, 2017, and denied the Motions to Dismiss (Dkt. #14). Plaintiff's Amended Complaint was filed on April 27, 2017 (Dkt. #24). Defendants City of Princeton and Angell filed their instant Motions to Dismiss on May 15, 2017, and May 18, 2017, respectively (Dkts. #28-29). The Magistrate Judge entered a report and recommendation on June 8, 2017, recommending each of Defendants' Motions to Dismiss be denied and Plaintiff be granted leave to file a second amended complaint (Dkt. #33). Subsequently, on June 21, 2017, Plaintiff filed objections to the Magistrate Judge's report and recommendation (Dkt. #38).

**PLAINTIFF'S OBJETION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). It appears Plaintiff misunderstands the Magistrate Judge's recommendation and finding with regard to Section 1983's application in the present case. Plaintiff objects to the Report and Recommendation, asserting in her objections that "Improper Application of the Texas Vehicle Codes[,] Improper Application of Municipal Code of Ordinances City of Princeton, Tx[,] How my 1989 Chevrolet Cavalier was illegally seized, towed, and dispose of illegally. Legal documentation from the Code of Ordinances City of Princeton, Texas and Legal Documentation of the Texas Vehicle Code that the city of Princeton tows a vehicle in a Mandatory Homeowner's Association it is NOT acting as a state actor for the purpose of Section 1983. The city of Princeton and First Choice Towing was acting above their pay rate doing everything illegal" (Dkt. #38 at 1).

Here, the Magistrate Judge recommended denying Defendants' request to dismiss Plaintiff's suit. Specifically, the Magistrate Judge found that, while the Court does not have diversity jurisdiction, the Court may have federal question jurisdiction should Plaintiff adequately allege all facts necessary to state a Section 1983 claim against either the City of Princeton or Anne Angell resulting from potential Fourth and/or Fourteenth Amendment violations. The Magistrate Judge then noted that Plaintiff's Amended Complaint does not presently allege (1) that her vehicle was seized, towed, and/or disposed of pursuant to any municipal policy or custom; (2) whether Plaintiff received any notice or opportunity for a hearing, either before or after the vehicle was towed, to challenge the Defendants' action of towing the vehicle and disposing of or selling it, and when and how that hearing opportunity was provided; or (3) the City of Princeton's stated reason

for towing the vehicle and whether that reason was true, and/or whether she was provided a reasonable opportunity to retrieve the vehicle from 1st Choice Towing (and, if so, why Plaintiff did not take advantage of that opportunity). The Magistrate Judge found that Plaintiff could potentially cure these pleading deficiencies identified if provided a second opportunity to amend, and declined to recommend dismissal of Plaintiff's suit in light of the finding that Plaintiff should be granted leave to file a second amended complaint. The Court agrees with the Magistrate Judge that, if given another opportunity to replead her claims, Plaintiff may invoke the jurisdiction of the Court by adequately alleging all facts necessary to state a Section 1983 claim against either the City of Princeton or Angell. The Court overrules Plaintiff's objection.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Plaintiff's timely filed objections (Dkt. #38), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #33) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that each of Defendants City of Princeton, Texas's Motion to Dismiss (Dkt. #28) and Defendant Anne Angell's Motion to Dismiss (Dkt. #29) are **DENIED**.

It is further **ORDERED** that Plaintiff shall file a second amended complaint no later than fourteen (14) days from the date of this Memorandum Adopting Report and Recommendation of United States Magistrate Judge. Failure to amend and cure the deficiencies identified herein could result in Plaintiff's case being dismissed.

**IT IS SO ORDERED**.
SIGNED this 18th day of July, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE