# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOYCE ANN SMITH § | |
| § | Civil Action No. 4:17-CV-85 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| CITY OF PRINCETON, TEXAS, § | |
| ANNE ANGELL § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On October 31, 2017, the report of the Magistrate Judge (Dkt. #67) was entered containing proposed findings of fact and recommendations that Defendant City of Princeton, Texas's Motion to Dismiss (Dkt. #48) and Motions to Strike Plaintiff's Third Amended Complaint (Dkts. #54, #57) each be granted, and Plaintiff Joyce Ann Smith's ("Smith") "Motion Judgment for A Matter of Law" (Dkt. #43) be denied. Further, the Magistrate Judge recommended that Smith's claims against Anne Angell and the City of Princeton Code Enforcement Department be dismissed pursuant to 28 U.S.C. § 1915. Having received the report and recommendation of the Magistrate Judge, having considered Smith's timely filed objections (Dkt. #68) and the City of Princeton's response thereto (Dkt. #69), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report (Dkt. #67) should be adopted.

**BACKGROUND**

The underlying facts are set out in further detail by the Magistrate Judge and need not be repeated here in their entirety. Accordingly, the Court sets forth only those facts pertinent to Smith's objections. Plaintiff Joyce Ann Smith lives in Princeton, Texas, in a neighborhood

governed by the Villa of Monte Carlo Homeowners Association ("HOA"). Smith asserts that in violation of the City of Princeton's ordinances and the Villa Monte Carlo's HOA regulations, the City of Princeton improperly labeled her vehicle as abandoned and instructed First Choice Towing, owned by Anne Angell, to tow it from her residence on August 24, 2016 (Dkt. #46 at pp. 2–3). Smith filed this lawsuit on February 3, 2017 (Dkt. #1). On February 9, 2017, the Court granted Smith leave to proceed *in forma pauperis* (Dkt. #3). Broadly construed, Smith claims that the actions of the City of Princeton and Anne Angell constitute violations of 42 U.S.C. § 1983, 18 U.S.C. § 1956, 18 U.S.C. § 242, Texas Penal Code § 31.03(a), and "Texas Vehicle Code 226581(1)(a) section 683.011 [and] section 683.012" (Dkt. #46 at pp. 2–3).

The City of Princeton filed its Motion to Dismiss Smith's original complaint on March 14, 2017 (Dkts. #10, #11). On March 23, 2017, "[t]o ensure clarity in the record and allow Plaintiff an adequate opportunity to plead her claims," the Court denied the City of Princeton's Motion to Dismiss as moot, and ordered Smith to file an amended complaint that "set forth each cause of action alleged by Plaintiff, specifically identify which causes of action are asserted against which Defendant, and specifically identify the factual basis for each claim" (Dkt. #14). Smith filed her First Amended Complaint on April 27, 2017 (Dkt. #24). Defendants City of Princeton and Angell filed Motions to Dismiss Smith's First Amended Complaint on May 15, 2017 (Dkt. #28) and May 18, 2017 (Dkt. #29), respectively. On June 8, 2017, the Magistrate Judge, for a second time, recommended the Court deny the Defendants' Motions to Dismiss and order Smith to file a second amended complaint. The Magistrate Judge's Report provided Smith with a clear, detailed roadmap to correct her pleading deficiencies (Dkt. #33). The Court fully adopted the Magistrate Judge's recommendation (Dkt. #44). On July 7, 2017, Smith filed her Motion for Judgment (Dkt. #43); to which the City of Princeton responded on July 24, 2017 (Dkt. #45). On July 31, 2017, Smith filed

her Second Amended Complaint (Dkt. #46), and on August 2, 2017, Smith filed additional attachments to such complaint (Dkt. #47). On August 10, 2017, the City of Princeton filed a Motion to Dismiss Smith's Second Amended Complaint, its third motion to dismiss (Dkt. #48). Smith subsequently filed a Third Amended Complaint, constituting her fourth attempt at pleading her best case (Dkt. #49), without moving for leave and outside of the deadlines delineated in the Scheduling Order (Dkt. #35) (the Parties' deadline to add parties was July 17, 2017, and Smith's deadline to file amended pleadings was July 28, 2017). On September 7, 2017, the City of Princeton filed a Motion to Strike Smith's Third Amended Complaint (Dkts. #54, #57). Smith filed her Response to the City of Princeton's Motion to Dismiss her Second Amended Complaint on September 21, 2017 (Dkt. #59).

On October 31, 2017, the Magistrate Judge entered a report and recommendation (Dkt. #67), recommending that the City of Princeton's Motion to Dismiss (Dkt. #48) and Motion to Strike Plaintiff's Third Amended Complaint (Dkts. #54, #57) each be granted,[1] and Smith's "Motion Judgment for A Matter of Law" (Dkt. #43) be denied. Further, the Magistrate Judge recommended that Smith's claims against Defendant Angell and the City of Princeton's Code Enforcement Department, to the extent asserted, be dismissed pursuant to § 1915. Smith filed objections to the report on November 14, 2017 (Dkt. #68). On November 28, 2017, the City of Princeton filed a response to Smith's objections (Dkt. #69).

**OBJECTIONS**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

---

[1] Docket Numbers 54 and 57 appear to be identical.

Broadly construing her objections, Smith objects to each of the Magistrate Judge's ultimate recommendations (Dkt. #68). Specifically, Smith states that the City of Princeton's Motion to Strike should not be granted because: (1) "there is no motion to strike pleadings in the State of Texas" (Dkt. #68 at p. 2) (emphasis omitted); (2) the "motion to strike is untimely because it was made after answering the complaint" (Dkt. #68 at p. 2); and (3) the "City of Princeton Texas went into **default** because they failed to serve a[n] answer to this complaint on March 19, 2017" (Dkt. #68 at p. 2) (emphasis in original). Smith objects that her complaint should not be dismissed because: (1) "the statute of limitations should, in equity, be deemed tolled because Plaintiff could not have discovered the facts supporting this claim" (Dkt. #68 at p. 2); and (2) the "City of Princeton, Texas has a clear motive to engineer a cover-up because of being a conspirator in illegal towing from First Choice Towing that has NO TEXAS License to Tow, the Plaintiff[']s Vehicle in HOA" (Dkt. #68 at p. 3) (emphasis in original). Finally, Smith objects that her Motion for Judgment should not be denied because:

> The City of Princeton, Texas ha[s] no sufficient evidence to Support it[s] case. They have laws, municipal codes and ordinances, but they choose not to abide by them. First Choice Towing ha[s] no sufficient evidence to Support its case. The [S]tate of Texas ha[s] rules and regulations[,] but First Choice Towing [chose] not to abide by them. Never had a license to operate as a tower.

(Dkt. #68 at p. 7).

## 1. *Motions to Strike*

To begin, Smith objects that "there is no motion to strike pleadings in the State of Texas" (Dkt. #68 at p. 2). Smith is proceeding in federal court. Federal Rule of Civil Procedure 1 states "[t]hese [Federal Rules of Civil Procedure] govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81." Because Rule 81 is inapplicable to Smith's case, the instant lawsuit is not subject to Texas state procedure law, but

instead is governed by the Federal Rules of Civil Procedure. Accordingly, whether Smith may file her Third Amended Complaint or whether it should be stricken is governed by Federal Rules of Civil Procedure. The appropriate means by which the City of Princeton may object to the unauthorized filing of Smith's Third Amended Complaint is through filing a motion to strike. *See Klein v. Walker*, No. 1:14-CV-00509-RC-ZJH, 2016 WL 9245462, at *1 (E.D. Tex. Dec. 14, 2016), *aff'd,* No. 17-40052, 2017 WL 3879795 (5th Cir. Sept. 5, 2017) (Clark, J.); *see also United States v. Saul*, No. 5:09-CV-69, 2011 WL 13220641, at *1 (E.D. Tex. Dec. 2, 2011). As discussed in the Report and Recommendation, (pursuant to Federal Rules of Civil Procedure) Smith was not entitled to file her Third Amended Complaint without first obtaining the Court's leave or Defendants' consent; to date, Smith has failed to procure either. Therefore, this objection is overruled.

Smith objects that the "motion to strike is untimely because it was made after answering the complaint" (Dkt. #68 at p. 2). Smith offers no authority for this argument and the record does not support her contention. Smith filed her Third Amended Complaint on August 25, 2017 (Dkt. #49). Thirteen days later, on September 7, 2017, the City of Princeton moved to strike Smith's Third Amended Complaint (Dkt. #54). Even so, the Court is not constrained by any such deadlines because "the decision to grant or deny leave to amend a complaint lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992), *on reh'g en banc,* 37 F.3d 1069 (5th Cir. 1994). Accordingly, this objection is also overruled.

Smith finally objects that the City of Princeton's Motions to Strike should not be granted because the "City of Princeton Texas went into **default** because they failed to serve an answer to this complaint on March 19, 2017" (Dkt. #68 at p. 2) (emphasis in original). Federal Rule of Civil Procedure 55 sets forth certain conditions under which default may be entered against a party, as

well as the procedure to seek the entry of default judgment. Under Rule 55, a default "occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); a*ccord* Fed. R. Civ. P. 55(a). The City of Princeton did not go "into default because they failed to serve an answer to this complaint on March 19, 2017" as Smith suggests. Smith initiated the lawsuit on February 3, 2017 (Dkt. #1). The City of Princeton filed a motion to dismiss Smith's complaint on March 14, 2017, prior to filing any answer (Dkt. #10). Accordingly, the City of Princeton has appeared by virtue of filing its Motion to Dismiss. It is well established that "[t]he filing of a motion to dismiss is normally considered to constitute an appearance." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989); *see also Washington v. M. Hanna Const. Inc.*, 299 F. App'x 399, 400 (5th Cir. 2008). Because the City of Princeton has appeared in this case by filing its Motion to Dismiss (which such appearance was on file prior to Smith's instant mention of default), and has been actively defending the claims against it since the inception of this case, no default has occurred. *Spence v. Argent Mortg. Co., LLC*, No. 4:13CV512, 2014 WL 11486242, at *1 (E.D. Tex. May 27, 2014), *report and recommendation adopted,* No. 4:13CV512, 2014 WL 11486244 (E.D. Tex. Sept. 29, 2014); *see also Washington*, 299 F. App'x at 400. This objection is overruled.

*2.      Motion to Dismiss*

Smith initially objects that her complaint should not be dismissed because: (1) "the statute of limitations should, in equity, be deemed tolled because Plaintiff could not have discovered the facts supporting this claim" (Dkt. #68 at p. 2). Nowhere in the Report and Recommendation does the Magistrate Judge recommend dismissing Smith's complaint as barred by the statute of

limitations (*See* Dkt. #67). The limitations period is irrelevant to the Magistrate Judge's recommendations. Accordingly, this objection is overruled.

Smith also objects that the "City of Princeton, Texas has a clear motive to engineer a cover-up because of being a conspirator in illegal towing from First Choice Towing that has NO TEXAS License to Tow, the Plaintiff[']s Vehicle in HOA" (Dkt. #68 at p. 3) (emphasis in original). Insofar as Smith intends by this statement to argue Angell is a state actor or conspired with state actors, her conclusory allegation fails. To state a claim under § 1983, Smith must allege that a person acting under color of state law deprived her of a right secured by the Constitution or the laws of the United States. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999); *Augustine v. Doe*, 740 F.2d 322, 324-25 (5th Cir. 1984). Where a private citizen is alleged to have committed a § 1983 violation, such as Smith's allegations against Angell, Smith must offer proof that Angell is either a state actor or conspired with state actors. *Ferguson v. Dunn*, No. 1:16-CV-272, 2017 WL 3033338, at *3 (E.D. Tex. May 24, 2017), *report and recommendation adopted*, No. 1:16-CV-272, 2017 WL 3020931 (E.D. Tex. July 17, 2017) (citing *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004)). Moreover, "[t]he Fifth Circuit has explained that specific facts must be pled when a conspiracy is alleged; mere conclusory allegations will not suffice." *Covarrubias v. Wallace*, 907 F. Supp. 2d 808, 819 (E.D. Tex. 2012) (citing *Hale v. Harney,* 786 F.2d 688, 690 (5th Cir. 1986)). "In pleading these specific facts, the Plaintiff must allege the operative facts of the alleged conspiracy." *Id*. (citing *Lynch v. Cannatella,* 810 F.2d 1363, 1369–70 (5th Cir. 1987)). "In addition, the Fifth Circuit has noted that 'charges as to such conspiracies must be based on substantial and affirmative allegations, and no mere gossamer web of conclusion or inference, as here, trifles light as air,' will suffice to sustain a claim of conspiracy." *Id*. (quoting *Crummer Company v. Du Pont,* 223 F.2d 238, 245 (5th Cir. 1955). Here, Smith fails to allege

Angell is a state actor or conspired with state actors and she fails to substantiate her claim of conspiracy beyond a conclusory allegation that one existed. Under Fifth Circuit precedent, this is insufficient and Smith's objection is without merit.

### 3. *Motion for Judgment*

Smith objects that the Magistrate Judge improperly recommended that her Motion for Judgment be denied because:

> The City of Princeton, Texas ha[s] no sufficient evidence to Support it[s] case. They have laws, municipal codes and ordinances, but they choose not to abide by them. First Choice Towing ha[s] no sufficient evidence to Support its case. The [S]tate of Texas ha[s] rules and regulations[,] but First Choice Towing [chose] not to abide by them. Never had a license to operate as a tower.

(Dkt. #68 at p. 7).

The Magistrate Judge broadly construed Smith's Motion for Judgment as a motion for judgment on the pleadings (Dkt. #67 at p. 15). "A motion for judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P. is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Rosa v. Morvant*, No. CIV.A. 9:06-CV-252, 2007 WL 3132613, at *1 (E.D. Tex. Oct. 23, 2007) (citing *Hebert Abstract v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)). Thus, judgment in favor of Smith is appropriate under Rule 12(c) "only if there is no issue of material fact and if the pleadings show [Smith] is entitled to judgment as a matter of law." *Frost v. Martin*, No. CIV.A. 1:08-CV-65, 2009 WL 3063386, at *2 (E.D. Tex. Sept. 22, 2009) (citing *Voest–Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir.), *cert. denied*, 525 U.S. 1041 (1998). Smith's objection wholly fails to address the Magistrate Judge's finding that she is not entitled to judgment as a matter of law on her claims; instead, Smith focuses her objection on whether the City of Princeton has sufficient evidence to

"[s]upport it[s] case." Here, Smith has failed to state a plausible claim for relief against the City of Princeton or Angell, much less show that no issue of material fact exists, and therefore, her Motion for Judgment should be denied. In addition, the City of Princeton does not have a burden to "[s]upport it[s] case" as Smith suggests; rather Smith bears the burden of proof on the causes of action she has raised in this case. *Sam's Style Shop v. Cosmos Broad. Corp.*, 694 F.2d 998, 1003 (5th Cir. 1982) ("As a general proposition, of course, the plaintiff has the burden of proving all of the affirmative elements of its case."). This objection is similarly overruled.

## CONCLUSION

Having considered Plaintiff Joyce Ann Smith's timely filed objections (Dkt. #68), the City of Princeton's response thereto (Dkt. #69), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #67) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Defendant City of Princeton, Texas's Motion to Dismiss (Dkt. #48) and Motions to Strike Plaintiff's Third Amended Complaint (Dkts. #54, #57) are **GRANTED**, and Plaintiff Joyce Ann Smith's "Motion Judgment for A Matter of Law" (Dkt. #43) is **DENIED**. Plaintiff Joyce Ann Smith's claims against the City of Princeton, Anne Angell, and the City of Princeton's Code Enforcement Department are hereby **DISMISSED** pursuant to Rule 12(b)(6) and § 1915 for failure to state a claim.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.
**SIGNED this 8th day of January, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE